UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

KRISPY KRUNCHY FOODS LLC,

          Plaintiff,

                                              Case No. 20-cv-293-pp

  v.

SILCO LLC,

          Defendant.

_____

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PARTIAL DEFAULT JUDGMENT (DKT. NO. 12)**

_____

        On February 21, 2020, the plaintiff filed a complaint seeking damages and an injunction for seven trademark-related claims. Dkt. No. 1. The plaintiff brought claims under the Lanham Act, §32(1), 15 U.S.C. §1114(1), including trademark counterfeiting, trademark infringement, trademark dilution and false designation of origin. Dkt. No. 1 at 8-14. The complaint also raised state law claims for violation of Wisconsin's Deceptive Trade Practices Act, Wis. Stat. §100.18, and common law trademark infringement and unfair competition. Id. at 14-15. The defendant has not answered the complaint.

        On March 24, 2020, the plaintiff filed a request for entry of default, dkt. no. 7, and the Clerk of Court entered default the same day. The plaintiff now has moved for default judgment under Federal Rule of Civil Procedure 55(b). Dkt. No. 12.

        Rule 55 requires a two-step process before a court may grant a default judgment. First, the plaintiff must seek an entry of default, showing through an affidavit or otherwise that the defendant has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Second, the plaintiff must apply to the court for default judgment. Fed. R. Civ. P. 55(b).

1

The plaintiff has complied with Fed. R. Civ. P. 55(a)—it sought entry of default and the clerk has entered default. But the plaintiff has not demonstrated that it effected proper service.

> Before the district court may default a defendant, the plaintiff must prove service. *See* FED. R. CIV. P. 4(l); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) (noting plaintiff has burden of showing proper service of process); *United States v. Kramer*, 225 F.3d 847, 857 (7th Cir. 2000) (observing that default judgment rendered without persona jurisdiction is void).

Golub v. United States, 593 F. App'x. 546, 548-49 (7th Cir. 2014).

Federal Rule of Civil Procedure 4(h) governs service of process on a corporation. The relevant portion of Rule 4(h) states that

> [u]nless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
>> (1) in a judicial district of the United States:
>>
>>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>>
>>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h). The Lanham Act does not provide specific rules for service of process. Euromarket Designs, Inc. v. Crate & Barrel Ltd., 96 F. Supp. 2d 824, 834 (N.D. Ill. 2000). Service is proper if it satisfies Rule 4(h)(1)(A) or (B).

The plaintiff filed an executed summons on March 6, 2020. Dkt. No. 6. The summons is addressed to "Silco LLC, c/o Makbul Sajan, Registered Agent, 9040 West Silver Spring Drive, Milwaukee, Wisconsin 53225-2836." Id. at 1.

2

The web site for the Wisconsin Department of Financial Institutions shows that Makbul Sajan is the registered agent for the defendant. https://www.wdfi.org/apps/CorpSearch/Details.aspx?entityID=S077396&hash=412113964&searchFunctionID=4c684164-4cbe-496f-bdd1-8c79a43ed928&type=Simple&q=Silco.

Along with the summons, the plaintiff filed an "Affidavit of Service" signed by Anthony DiBrito. Id. at 3. The affidavit avers that on February 25, 2020, DiBrito "attempted service of the within **Summons in a Civil Action; Complaint** to **Silco LLC, c/o Makbul Sajan, Registered Agent**, located at **9040 West Silver Spring Drive, Milwaukee, WI 53225**." Id. It asserts that this attempted resulted in "authorized service" by leaving a copy of the summons and complaint with "Mahtab Singh," with the title "Manager." Id.

Leaving the complaint with a manager of whatever is located at 9040 West Silver Spring Drive does not comply with Rule 4(h)(1)(A), which allows service "in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1) says that an individual may be served by "following state law for serving a summons in an action brough in courts of general jurisdiction in the state where the district court is located or where service is made." Wisconsin is the state where this district court is located and where service was to be made. Under Wis. Stat. §801.11(1), a plaintiff may serve an individual—a "natural person"—by personally serving the defendant or, "[i]f with reasonable diligence the defendant cannot be served . . . , then by leaving a copy of the summons at the defendant's usual place of abode: . . . [i]n the presence of a competent adult, currently residing in the abode of the defendant, who shall be informed of the contents of the summons . . . ." The affidavit does not attest that the plaintiff could not, with reasonable diligence, serve the defendant or the defendant's registered agent, Makbul Sajan. Nor does it attest that 9040 West

Silver Spring Drive is the defendant's "usual place of abode" or that the person with whom the summons and complaint were left, Mahtab Singh, was "informed of the contents of the summons."

Leaving the summons and complaint with a manager did not comply with Rule 4(h)(1)(B). The plaintiff has not asserted or proven that Mahtab Singh is an "officer, a managing or general agent" of the defendant.

The court will deny the plaintiff's motion for default judgment without prejudice. The plaintiff may renew the motion if it can demonstrate to the court that it has effected proper service on an officer, managing agent or general agent of the defendant.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for default judgment. Dkt. No. 12.

Dated in Milwaukee, Wisconsin this 16th day of December, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

4