UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KRISPY KRUNCHY FOODS LLC,

        Plaintiff,

  v.

                                       Case No. 20-cv-293-pp

SILCO LLC,

        Defendant.

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT (DKT. NO. 16)

On February 21, 2020, the plaintiff filed a complaint seeking damages and an injunction for seven trademark-related claims. Dkt. No. 1. The plaintiff brought claims under the Lanham Act, §32(1), 15 U.S.C. §1114(1), including trademark counterfeiting, trademark infringement, trademark dilution and false designation of origin. Dkt. No. 1 at 8-14. The complaint also raised state law claims for violation of Wisconsin's Deceptive Trade Practices Act, Wis. Stat. §100.18, and common law trademark infringement and unfair competition. Id. at 14-15. The defendant has not answered the complaint.

On March 24, 2020, the plaintiff filed a request for entry of default, dkt. no. 7, and the Clerk of Court entered default the same day. On September 2, 2020, the plaintiff filed a motion for default judgment. Dkt. No. 12. The court denied that motion without prejudice on December 16, 2020. Dkt. No. 14. The court determined that service was improper, because the plaintiff had not

1

effected service on an officer or a managing or general agent of the defendant. Id. at 4. The plaintiff since has filed an affidavit of service, dkt. no. 15, and a renewed motion for default judgment. Dkt. No. 16. To demonstrate its efforts to serve the defendant, the plaintiff has filed a declaration under penalty of perjury. Dkt. No. 17.

**I.      Entry of Default**

Federal Rule of Civil Procedure 55 requires a two-step process before a court may grant a default judgment. First, the plaintiff must seek an entry of default, showing through an affidavit or otherwise that the defendant has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Second, the plaintiff must apply to the court for default judgment. Fed. R. Civ. P. 55(b).

The plaintiff has complied with Fed. R. Civ. P. 55(a)—it sought entry of default and the clerk has entered default. But, again, the plaintiff has not demonstrated that it effected proper service.

> Before the district court may default a defendant, the plaintiff must prove service. *See* FED. R. CIV. P. 4(l); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) (noting plaintiff has burden of showing proper service of process); *United States v. Kramer*, 225 F.3d 847, 857 (7th Cir. 2000) (observing that default judgment rendered without persona jurisdiction is void).

Golub v. United States, 593 F. App'x. 546, 548-49 (7th Cir. 2014).

Federal Rule of Civil Procedure 4(h) governs service of process on a corporation. The relevant portion of Rule 4(h) states that

> [u]nless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

2

>    (1) in a judicial district of the United States:
>
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h). The Lanham Act does not provide specific rules for service of process. Euromarket Designs, Inc. v. Crate & Barrel Ltd., 96 F. Supp. 2d 824, 834 (N.D. Ill. 2000). Service is proper if it satisfies Rule 4(h)(1)(A) or (B).

The plaintiff engaged a process server to deliver a copy of the summons and complaint to the defendant. See Dkt. No. 15. On April 9, 2021, the plaintiff filed a declaration by that server, Timothy Petersdorff, stating that he had served both the summons and complaint

> on the Defendant, that is Silco, LLC at the address 9040 W. Silver Spring Dr., in the City and County of Milwaukee, State of Wisconsin, by leaving the documents with the employee on the premises, Vallery Fro, after asking to see Makbul Sajan, the owner, or the registered agent of Silco LLC. I asked to see the manager and who is the manager in charge. He said he is the only one here. He then was informed that I was there serving a complaint for trademark infringement filed in federal court in connection with the unauthorized use of the Krispy Krunchy marks and signage. I then strongly requested that these documents be provided to Mr. Sajan at your earliest opportunity. He was told to let Mr. Sajan know that he is required to respond to the complaint in these documents.

Id. at 1-2. The plaintiff's renewed motion for default judgment then described in detail the steps it has taken to serve the defendant:

> Defendant owns and operates a gas station and convenience store and there is no corporate address listed for Defendant other than

3

> the address of the gas station itself. Declaration of Michael R. Laing ("Laing Decl.") ¶ 2. Additionally, the Wisconsin Secretary of State lists Mr. Makbul Sajan as Defendant's registered agent, and the registered agent's address is listed as the same address as the gas station. Laing Decl. ¶ 3; Dkt 14 at 2-3. Thus, Plaintiff could either serve Defendant at the gas station itself, or by serving Mr. Sajan personally, if his location could be identified.
>
> Accordingly, Plaintiff went to great efforts to locate and serve Mr. Sajan personally. Plaintiff's investigator reviewed past and current U.S. deeds but failed to identify a residential or business address for Mr. Sajan. Laing Decl. ¶ 4. The investigator reviewed all residential, business, and utility records but failed to find a viable service address for Mr. Sajan. Laing Decl. ¶ 5. The investigator reviewed all business entities registered by Mr. Sajan but did not discover a viable service address. Laing Decl. ¶ 6. The investigator reviewed Mr. Sajan's voter registration records and driver's license records but failed to find a viable service address. Laing Decl. ¶ 7. The investigator called all known phone numbers for Mr. Sajan but failed to contact him. Laing Decl. ¶ 8. The investigator contacted Mr. Sajan's son but that did not yield a viable service address. Laing Decl. ¶ 9.
>
> Under the belief that Mr. Sajan is likely purposely trying to avoid service, and with no other viable options, on March 5, 2021, a processer server served a cover letter, summons, and the complaint on Defendant at 9040 W. Silver Spring Dr., the location of the gas station in Milwaukee. Laing Decl. ¶ 10; Dkt. 15. The process server asked for Mr. Makbul Sajan, an owner, a manager, or the registered agent for Silco LLC. Laing Decl. ¶ 11; Dkt. 15. The only employee at the gas station informed the process server that nobody other than said employee was present. Laing Decl. ¶ 12; Dkt. 15. The process server then informed the employee that he was serving a complaint filed in federal court and requested that the service package be provided to Mr. Sajan as soon as possible. Laing Decl. ¶ 13; Dkt. 15. The process server also informed the employee that Defendant is required to respond to the complaint and requested that that message be forwarded to Mr. Sajan. Laing Decl. ¶ 14; Dkt. 15.

Dkt. No. 16 at 3-4. Additionally, the declaration of the plaintiff's counsel, filed along with the motion, recounts the above information under penalty of perjury. Dkt. No. 17.

4

The plaintiff has had difficulty satisfying Rule 4(h) and is asking the court to deem service proper where the plaintiff gave a copy of the summons and complaint to an employee of the defendant's convenience store. While the court understands that the plaintiff has made many efforts to effect proper service and has been frustrated, leaving the packet with a convenience store employee does not satisfy Rule 4(h)'s requirements. Perhaps the plaintiff believed that this service complied with Fed. R. Civ. P. 4(e)(2)(B), which allows a plaintiff to serve an *individual* by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." But the defendant is a limited liability company, not an individual. Even if the defendant were an individual, the process server said nothing about Vallery Fro's "age" or discretion, and there is no indication that Fro lived at the gas station. Perhaps the plaintiff believed that this service complied with Wis. Stat. §801.11(5)(a), which says that "[i]n lieu of delivering the copy of the summons to the officer specified, the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office." It is questionable whether a gas station employee who attests that he/she is "the only one there" is "in charge of the office" of the registered agent.

There is at least one means of service which the plaintiff has not attempted. Federal Rule of Civil Procedure 4(h)(1)(A) permits the plaintiff to serve the defendant in the manner provided under Rule 4(e)(1), which permits parties to follow Wisconsin laws for service of process. For example, Wis. Stat.

5

§801.11(5)(b) says that if, after using reasonable diligence, the plaintiff cannot serve the defendant by other means, "then the summons may be served upon an officer, director or managing agent of the corporation or limited liability company by publication and mailing as provided in sub. (1)." Wis. Stat. §801.11(1)(c) governs service by publication, and directs that publication be made as a class 3 notice under Wis. Stat. §985 and by mailing.

The court empathizes with the plaintiff, who speculates that the defendant's registered agent deliberately is avoiding service. The court does not question that the plaintiff has made numerous efforts to track down the registered agent, without success. But the court cannot grant default judgment until it is assured of proper service, and the plaintiff has not exhausted the avenues available to effect that service. The court will deny the plaintiff's renewed motion for default judgment without prejudice.

## II. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's renewed motion for default judgment. Dkt. No. 16.

Dated in Milwaukee, Wisconsin this 10th day of February, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**